

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

December 8, 2003

The Honorable Ben W. "Bud" Childers
Fort Bend County Attorney
301 Jackson Street, Suite 728
Richmond, Texas 77469-3108

Opinion No. GA-0126

Re: Authority of a district court judge to appoint an associate judge  (RQ-0063-GA)

Dear Mr. Childers:

You ask several questions about the authority of the judge of the 328th District Court to appoint an associate judge.[1]

## I.     Background

### A.     The Associate Judge Appointment

In 1977, the Legislature enacted the Family District Court Act, which created the 328th Judicial District with boundaries coextensive with the boundaries of Fort Bend County and established "the Family District Court for the 328th Judicial District."[2] Under chapter 24, subchapter D of the Government Code, which codified the Family District Court Act, a family district court's "jurisdiction is concurrent with that of other district courts in the county," TEX. GOV'T CODE ANN. § 24.601(a) (Vernon 1988), but it "has primary responsibility for cases involving family law matters," id. § 24.601(b); see also id. § 24.636 (328th Judicial District).

You inform us that in 1984 the Fort Bend County Commissioners Court authorized the judge of the 328th District Court "to employ a Master for the 328th District Court at a salary not to exceed $50,000 a year effective October 1, 1984" pursuant to former article 1918b of the Revised Civil Statutes. See Request Letter, supra note 1, at 2-3; see also id. Exhibit A (July 30, 1984 Memorandum from 328th District Court to Fort Bend County Commissioners Court requesting authority to appoint master; Minutes of August 13, 1984 Fort Bend County Commissioners Court Meeting ordering authorization by unanimous vote). From 1984 to 2002, the 328th District Court

---

[1]See Letter from Honorable Ben W. "Bud" Childers, Fort Bend County Attorney, to Honorable Greg Abbott, Texas Attorney General (June 6, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

[2]Act of May 28, 1977, 65th Leg., R.S., ch. 859, § 2.29, 1977 Tex. Gen. Laws 2144, 2151 (codified as former TEX. REV. CIV. STAT. ANN. art. 1926a, § 2.29).

employed three different masters.[3]   Over the years, the commissioners court budgeted salary increases for the master position pursuant to chapter 111, subchapter C of the Government Code, the statute governing Fort Bend County's budget preparation. *See id.* at 4.  Recent county budgets use both the terms "court master" and "associate judge" to describe the position. *See id.* at 2; *see also id.* Exhibit B.

In 1999, the Legislature created the 387th Judicial District composed of Fort Bend County and provided that "[t]he 387th District Court shall give preference to family law matters."[4]  In 2002, both the judge for the 328th District Court and his last master resigned. *See id.* at 2.  In 2003, the new judge for the 328th District Court and the judge for the 387th District Court interviewed candidates for an associate judge for both courts, but the judges could not agree on a candidate. *See id.* Thereafter, the judge of the 328th District Court appointed an associate judge to serve only the 328th District Court. *See id.* The associate judge receives a salary in excess of $90,000. *See id.* The judge for the 387th District Court questions the validity of that appointment.[5]

## B.     The Evolution of Former Article 1918b

A number of your questions involve the relationship between present law and former article 1918b, pursuant to which the commissioners court authorized the 328th District Court to employ a master in 1984. *See id.* at 2-3; *see also id.* Exhibit A.  In 1984, article 1918b authorized courts "having jurisdiction of suits affecting the parent-child relationship under Title 2, Family Code" to appoint a master "if the commissioners court of a county in which the court has jurisdiction authorizes the employment of a master."[6]

In 1985, the legislature amended former article 1918b.[7]  In the same session, the legislature repealed article 1918b and codified its provisions in chapter 54, subchapter A of the Government

---

[3]*See* Brief from Honorable Ronald R. Pope, Judge Presiding, 328th District Court, Fort Bend County, Texas, to Honorable Greg Abbott, Texas Attorney General, at 2 (July 8, 2003) (on file with Opinion Committee) [hereinafter 328th District Court Brief].

[4]*See* Act of May 30, 1999, 76th Leg., R.S., ch. 1337, § 2(b), 1999 Tex. Gen. Laws 4547, 4548 (codified as TEX. GOV'T CODE ANN. § 24.532).

[5]*See* Brief from Honorable Robert J. Kern, Judge Presiding, 387th District Court, Fort Bend County, Texas, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General (July 14, 2003) (on file with Opinion Committee) [hereinafter 387th District Court Brief].

[6]Act of May 25, 1979, 66th Leg., R.S., ch. 719, § 1(a), 1979 Tex. Gen. Laws 1771, 1771 (enacting former TEX. REV. CIV. STAT. ANN. art. 1918b) [hereinafter Act of May 25, 1979].

[7]*See* Act of May 27, 1985, 69th Leg., R.S., ch. 851, § 1, 1985 Tex. Gen. Laws 2950, 2951-53.

Code.[8]  In 1987, the legislature conformed chapter 54, subchapter A to the 1985 amendments to former 1918b[9] and repealed former article 1918b as amended in 1985, specifically providing that a person who was appointed as a master under a repealed law "is reappointed as a master in his position for the court or courts he serves."[10]  In 1991, the legislature amended chapter 54, subchapter A by adding section 54.019, which provided that "[a]n appointment under this subchapter may include a designation of the appointee as an associate judge."[11]  A bill analysis explains that the purpose of this provision was "to allow a district judge with the authority to appoint a family court master to designate the master as associate judge.  This is a change in nomenclature only."[12]

In 1995, the legislature repealed chapter 54, subchapter A of the Government Code and adopted a similar provision in chapter 201, subchapter A of the Family Code in House Bill 655.[13] Chapter 201, subchapter A of the Family Code provides for the appointment of an associate judge rather than a master. *See* Tex. Fam. Code Ann. § 201.001(a) (Vernon 2002).  Bill analyses indicate that House Bill 655 implemented recommendations of a Joint Interim Committee on the Family Code to reorganize title 2 of the Family Code:  "The intent of this bill is a nonsubstantive recodification of the statutes relating to parents and children and suits affecting the parent-child relationship."[14]  The legislature amended chapter 201, subchapter A of the Family Code in 2003, but those amendments do not affect the issues raised by your query.[15]

## II.     Analysis

---

[8]*See* Act of May 17, 1985, 69th Leg., R.S., ch. 480, §§ 1 (enacting Government Code, chapter 54, subchapter A, entitled "Family Law Masters"), 26(1) (repealing article 1918b), 1985 Tex. Gen. Laws 1720, 1998-2000, 2048 [hereinafter Act of May 17, 1985]; *see also* Tex. Att'y Gen. Op. No. JM-692 (1987) (concluding that the 1985 repeal of former article 1918b did not affect amendments to statute by the same legislature).

[9]*See* Act of June 1, 1987, 70th Leg., R.S., ch. 674, § 3.02, 1987 Tex. Gen. Laws 2507, 2517-21 [hereinafter Act of June 1, 1987]; *see also* Act of April 30, 1987, 70th Leg., R.S., ch. 148, §§ 2.74(a), 5.01(d) ("If any provision of this Act conflicts with a statute enacted by the 70th Legislature, Regular Session, 1987, the statute controls."), 1987 Tex. Gen. Laws 534, 567-70, 706.

[10]Act of June 1, 1987, §§ 3.08(2), 3.09, 1987 Tex. Gen. Laws at 2524.

[11]Act of May 3, 1991, 72d Leg., R.S., ch. 121, § 1, 1991 Tex. Gen. Laws 707, 707.

[12]House Comm. on Judicial Affairs, Bill Analysis, Tex. H.B. 409, 72d Leg., R.S. (1991).

[13]*See* Act of April 6, 1995, 74th Leg., R.S., ch. 20, §§ 1 (enacting Family Code, chapter 201, subchapter A, entitled "Associate Judge"), 2(3) (repealing Government Code, chapter 54, subchapter A), 1995 Tex. Gen. Laws 113, 238-41, 282 [hereinafter Act of April 6, 1995].

[14]House Comm. on Judicial Affairs, Bill Analysis, Tex. H.B. 655, 74th Leg., R.S. (1995); *see also* Senate Comm. on Jurisprudence, Bill Analysis, Tex. H.B. 655, 74th Leg., R.S. (1995) [hereinafter H.B. 655 Bill Analyses].

[15]*See* Act of May 27, 2003, 78th Leg., R.S., ch. 1258, 2003 Tex. Sess. Law Serv. 3564, 3564 (Vernon) (codified as amendments to Tex. Fam. Code Ann. chapter 201 heading, §§ 201.001(e), 201.003(d), 201.004(d), 201.018(d)); Act of May 21, 2003, 78th Leg., R.S., ch. 476, 2003 Tex. Sess. Law Serv. 1742, 1742-43 (Vernon) (codified as amendments to Tex. Fam. Code Ann. §§ 201.007, 201.013(b), 201.016); Act of May 20, 2003, 78th Leg., R.S., ch. 464, 2003 Tex. Sess. Law Serv. 1732, 1732 (Vernon) (codified as an amendment to Tex. Fam. Code Ann. § 201.011(c)-(d)).

## A.      The Relationship between Former Article 1918b and Present Law

First, you ask whether a "master" under former article 1918b is "the same as an 'associate judge' under section 201.001" of the Family Code, particularly "with respect to powers, appointment, authority, and termination." Request Letter, *supra* note 1, at 1, 3.

The legislative record demonstrates that the associate judge position is the successor to the master position. The Legislature repealed former article 1918b and codified its provisions in chapter 54, subchapter A of the Government Code in 1985.[16] The 1987 bill repealing former article 1918b as amended in 1985 specifically reappointed masters appointed under the repealed law.[17] In 1995, the legislature repealed chapter 54, subchapter A of the Government Code and enacted chapter 201, subchapter A of the Family Code.[18] The legislative history of this 1995 bill indicates that the legislature intended to recodify and reorganize rather than substantively amend existing law.[19] Although the current statute provides for the appointment of an "associate judge" rather than a "family law master," its immediate predecessor, former Government Code, chapter 54, subchapter A, permitted a master to be designated "associate judge."[20]

In addition, the current law's provisions governing the appointment, termination, payment, and authority of an associate judge parallel former laws. Former article 1918b authorized "[t]he judge of a district court . . . or other court having jurisdiction of suits affecting the parent-child relationship under Title 2, Family Code" to appoint a master "if the commissioners court of a county in which the court has jurisdiction authorizes the employment of a master."[21] Unless the master was to serve more than one court, the master was to "be appointed by the judge and serve[] at the will of the judge."[22] A master was "entitled to a salary as determined by the commissioners court," to be paid "from the county fund available for payment of officers' salaries."[23] Article 1918b authorized a court to refer to a master civil cases involving motions relating to the parent-child relationship and authorized the master to hear evidence, examine witnesses, and make findings of

---

[16]*See* Act of May 17, 1985, *supra* note 8.

[17]*See* Act of June 1, 1987, §§ 3.08(2), 3.09, *supra* note 10.

[18]*See* Act of April 6, 1995, *supra* note 13.

[19]*See* H.B. 655 Bill Analyses, *supra* note 14.

[20]*See* Act of May 17, 1985, § 1, 1985 Tex. Gen. Laws at 1720, as amended by Act of May 3, 1991, § 1, 1991 Tex. Gen. Laws at 707.

[21]*See* Act of May 25, 1979, *supra* note 6.

[22]*Id.*

[23]*Id.* § 3, at 1772.

fact and conclusions of law.[24] Prior to its repeal in 1995, former chapter 54, subchapter A of the Government Code, which codified former 1918b, contained comparable provisions.[25]

Like the former laws, chapter 201, subchapter A of the Family Code now provides that "[a] judge of a court having jurisdiction of a suit under this title or Title 1 or 4[26] may appoint a full-time or part-time associate judge to perform the duties authorized by this chapter if the commissioners court of a county in which the court has jurisdiction authorizes the employment of an associate judge." TEX. FAM. CODE ANN. § 201.001(a) (Vernon 2002) (footnote added). An associate judge who serves a single court serves at the will of the judge of that court. *Id.* § 201.004(a). An associate judge "shall be paid a salary determined by the commissioners court of the county in which the associate judge serves," *id.* § 201.003(a), which is paid from the county fund available for payment of officers' salaries, *id.* § 201.003(c). A judge "may refer to an associate judge any aspect of a suit over which the court has jurisdiction under this title or Title 1 or including any matter ancillary to the suit." *Id.* § 201.005(a). Unless a party files a written objection to the associate judge hearing a trial on the merits, the judge may refer the trial to the associate judge. *Id.* § 201.005(b). Except as limited by an order of referral, an associate judge has extensive powers to hear evidence, examine witnesses, and make findings of fact and conclusions of law.[27]

---

[24]*See id.* §§ 4-5.

[25]Former chapter 54, subchapter A authorized "[a] judge of a district court or other court having jurisdiction of suits under Title 1, 2, or 4, Family Code, [to] appoint either a full-time or a part-time master to perform the duties authorized by this subchapter if the commissioners court of a county in which the court has jurisdiction authorizes the employment of a master." Act of May 17, 1985, § 1, 1985 Tex. Gen. Laws at 1998, eff. Sept. 1, 1985 (former section 54.001), *as amended by* Act of April 30, 1987, §§ 2.74(a), 5.01(d), 1987 Tex. Gen. Laws at 567, 706; Act of June 1, 1987, § 3.02, 1987 Tex. Gen. Laws at 2517-19; Act of July 16, 1989, 71st Leg., 1st C.S., ch. 25, § 36, 1989 Tex. Gen. Laws 74, 89; Act of May 3, 1991, § 1, 1991 Tex. Gen. Laws at 707. A master who served a single court served "at the will of the judge of that court." Act of June 1, 1987, § 3.02, 1987 Tex. Gen. Laws at 2517 (former section 54.004). A master's salary was "determined by the commissioners court of the county in which the master serves . . . [and] paid from the county fund available for payment of officers' salaries." *Id.* (former section 54.003). A judge was authorized to refer to the master "any aspect of a civil case involving a matter over which the referring court has jurisdiction under Title 1, 2, or 4, Family Code, or under Chapter 46 or 76, Human Resources Code," including hearings on various issues. *Id.* at 2517-18 (former section 54.005). In addition, a judge was authorized to "refer to the master a trial on the merits" with certain limitations. *Id.* at 2518. A master had extensive powers to hear evidence, examine witnesses, and make findings of fact and conclusions of law, except as limited by an order of referral. *See id.* at 2519 (former section 54.007 authorized a master to (1) conduct hearings; (2) hear evidence; (3) compel production of relevant evidence; (4) rule on admissibility of evidence; (5) issue summons for the appearance of witnesses; (6) examine witnesses; (7) swear witnesses for hearings; (8) make findings of fact on evidence; (9) formulate conclusions of law; (10) recommend the judgment to be made in a case; (11) regulate all proceedings in a hearing before the master; and (12) do any act and take any measure necessary and proper for the efficient performance of the master's duties).

[26]The listed titles pertain to the marriage relationship, protection of the family, and the parent-child relationship. *See* TEX. FAM. CODE ANN. chs. 1-9 (title 1) (Vernon 1998 & Supp. 2004), chs. 71-92 (title 4) (Vernon 2002 & Supp. 2004), chs. 101-265 (title 5) (Vernon 2002 & Supp. 2004).

[27]Section 201.007 provides that an associate judge may (1) conduct a hearing; (2) hear evidence; (3) compel production of relevant evidence; (4) rule on the admissibility of evidence; (5) issue a summons for the appearance of witnesses; (6) examine a witness; (7) swear a witness for a hearing; (8) make findings of fact on evidence; (9) formulate

(continued...)

Accordingly, we conclude that Family Code, chapter 201, subchapter A is the statutory successor to and authorizes the position previously authorized by article 1918b and Government Code, chapter 54, subchapter A.[28]

## B.     The 1984 Authorization's Present Effect

Next, you ask whether the commissioners court's 1984 authorization provided a basis for the judge of the 328th District Court to appoint an associate judge in 2003. Specifically, you ask whether the commissioners court's 1984 authorization to appoint a master under former article 1918b "automatically encompass[es] the appointment of an associate judge under Section 201.001 [of the] Family Code in 2003, without further request to [the] commissioners court and without further authorization" by the commissioners court. Request Letter, *supra* note 1 at 1, 3.[29]

As we have concluded, Family Code, chapter 201, subchapter A authorizes the position previously authorized by article 1918b and Government Code, chapter 54, subchapter A. Although the former laws providing for the master position were repealed and recodified in 1985 and 1995, none of the statutory changes indicates that the legislature intended to revoke existing family law master appointments, and each successive recodification continued to authorize the position. *See* discussion *supra* pp. 4-6. Indeed, 1987 legislation conforming former Government Code, chapter 54, subchapter A to the 1985 amendments to former article 1918b provided that a master appointed under former article 1918b "is reappointed as a master in his position for the court or courts he

---

[27](...continued)
conclusions of law; (10) recommend an order to be rendered in a case; (11) regulate all proceedings in a hearing before the associate judge; (12) order the attachment of a witness or party who fails to obey a subpoena; (13) order the detention of a witness or party found guilty of contempt, pending approval by the referring court as provided by Section 201.013; and (14) take action as necessary and proper for the efficient performance of the associate judge's duties. *See* TEX. FAM. CODE ANN. § 201.007(a) (Vernon 2002).

[28]We disagree with the suggestion that the judge of 328th District Court is not authorized to appoint an associate judge because Family Code, chapter 201, subchapter B, which does not apply to that court, is the true statutory successor to former article 1918b. *See* 387th District Court Brief, *supra* note 5, at 1-2. Until its recent amendment by the Seventy-eighth Legislature, subchapter B provided for the appointment of a child support master by the presiding judge of an administrative judicial region. *See* TEX. FAM. CODE ANN. §§ 201.101-.113 (Vernon 2002); Act of May 27, 2003, 78th Leg., R.S., ch. 1258, §§ 6-15, 2003 Tex. Sess. Law Serv. 3564, 3564-68 (Vernon) (changing the title "master" in subchapter B to "associate judge"). The legislature enacted the statutory predecessor to subchapter B, former sections 14.82 through 14.85 of the Family Code, in 1986. *See* Act of Sept. 3, 1986, 69th Leg., 2d C.S., ch. 10, § 12, 1986 Tex. Gen. Laws 15, 23-24. That enactment did not repeal or amend a court's authority to appoint a family law master under Government Code, chapter 54, subchapter A, the codification of former article 1918b. *See id.* Moreover, in providing that Government Code, chapter 54, subchapter A sections relating to the "qualifications, powers, and immunity of a master" applied to child support masters, *see id.* (adopting former Family Code section 14.82(c)), the legislature recognized the two laws as parallel and separate statutes authorizing different types of masters.

[29]We note that under article V, section 28 of the Texas Constitution, the governor makes appointments to fill vacancies in district courts. *See* TEX. CONST. art. V, § 28. A master/associate judge is not a judge and is not subject to that constitutional provision.

serves."[30] And we are not aware of any other legislation enacted between 1984 and 2003 that might have revoked appointments under former article 1918b.[31]

Given the continuity in the statutes authorizing the position, state law did not require the commissioners court to reauthorize the position following the repeal of former article 1918b and the enactment of the two subsequent provisions in 1985 and 1995.

Furthermore, you inform us that the commissioners court has taken no action since 1984 to revoke the 328th District Court's authority to employ a master or associate judge. *See* Request Letter, *supra* note 1, at 2. To the contrary, the commissioners court's actions over the years have recognized the 328th District Court's continued authority to employ someone in that position. Since 1984, the commissioners court has budgeted for and paid the position's salary on an annual basis and has increased the salary from $50,000 to over $90,000. *See id.* at 4. From 1984 until his retirement at the end of 2002, the previous judge for 328th District Court appointed several family law masters.[32] Nor has the commissioners court altered the 1984 order by requiring the 328th District Court to share the position with another court. *See id.*

Provided that (i) the commissioners court has not acted to rescind the 1984 authorization, and (ii) the current county budget provides for the position,[33] we conclude that the commissioners court's 1984 authorization provides a basis for the judge of the 328th District Court to employ an associate judge under section 201.001 of the Family Code. The commissioners court is not required to reauthorize the 328th District Court to employ an associate judge, and the judge is not required to request the commissioners court to reauthorize the employment of an associate judge.

## C.     The 1984 Authorization's Effect on the Associate Judge's Salary

Third, you ask if "the commissioners court authorization to employ a master 'at a salary not to exceed $50,000 a year' limit[s] a court from paying a greater salary at a future date without further commissioners court approval." *Id.* at 1, 4.

Your question assumes that the district court establishes and pays the associate judge's salary. However, chapter 201, subchapter A of the Family Code, like former law, vests the commissioners court, not the district court, with the authority to determine an associate judge's salary, which is paid

---

[30]Act of June 1, 1987, § 3.09, *supra* note 10.

[31]In 1997, the legislature passed a law authorizing the district courts and statutory county courts at law in Fort Bend County to appoint associate judges with the approval of the commissioners court, but that provision does not address existing associate judge appointments. *See* Act of April 23, 1997, 75th Leg., R.S., ch. 42, § 1, 1997 Tex. Gen. Laws 109, 109-12 (codified as TEX. GOV'T CODE ANN. §§ 54.1001-.1022).

[32]*See* Brief of 328th District Court, *supra* note 3, at 1-2.

[33]*See* TEX. LOC. GOV'T CODE ANN. § 111.070(a) ("The commissioners court may spend county funds only in strict compliance with the budget, except as provided by this section."), (b) (emergency expenditures), (c) (budget transfers) (Vernon 1999).

with county funds. *See* TEX. FAM. CODE ANN. § 201.003(a), (c) (Vernon 2002).[34] In addition, the commissioners court is vested with the duty to set the compensation of county and precinct employees who are paid wholly from county funds by section 152.011 of the Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 152.011 (Vernon 1999). Neither of these provisions specifies any procedural requirements for the commissioners court's salary determination or precludes a commissioners court from determining an associate judge's salary on an annual basis in conjunction with preparing the county budget. *See id.* ch. 111, subch. C (provisions governing budget preparation in Fort Bend County) (Vernon 1999 & Supp. 2004); *see also Jensen Const. Co. v. Dallas County,* 920 S.W.2d 761, 773-74 (Tex. App.–Dallas 1996, writ denied) ("The commissioners court performs a legislative function when it creates the budget for the County's offices and departments. In establishing the County budget, the commissioners court sets the rate of compensation for its employees.") (citing *Hooten v. Enriquez,* 863 S.W.2d 522, 528-29 (Tex. App.–El Paso 1993, no writ)). The commissioners court was not required under former law to establish or limit the master's salary in connection with authorizing the appointment.[35]

You ask, in essence, whether the 1984 authorization limits the associate judge's salary in 2003. It does not. In 1984, the commissioners court authorized the 328th District Court to employ a master and limited the master's annual salary to $50,000, but the commissioners court increased that position's salary in the county budget over the years, effectively amending the 1984 authorization. *See* TEX. LOC. GOV'T CODE ANN. § 111.068(a) ("At the conclusion of the public hearing, the commissioners court shall take action on the proposed budget.") (Vernon 1999); *Gano v. Palo Pinto County,* 8 S.W. 634, 635 (Tex. 1888) ("The commissioners' court is a court of record, and speaks through its minutes."); *Hanks v. Smith,* 74 S.W.3d 409, 412 n.5 (Tex. App.–Tyler 2001, pet. denied) ("Meeting minutes reflecting that the commissioners' court voted on the issue at hand constitutes a valid order."). Furthermore, those salary increases were consistent with the commissioners court's statutory authority to determine the master's salary. *See* TEX. FAM. CODE ANN. § 201.003(a), (c) (Vernon 2002);[36] TEX. LOC. GOV'T CODE ANN. § 152.011 (Vernon 1999).

The 1984 authorization's limitation on the master's salary did not prohibit the commissioners court from later increasing the salary in the county budget and does not affect the commissioners court's authority to set the associate judge's current salary. Of course, the commissioners court's authority to pay the associate judge's salary in any given budget year is limited by the county budget. *See* TEX. LOC. GOV'T CODE ANN. § 111.070(a) ("The commissioners court may spend county funds

---

[34]*See also* former TEX. REV. CIV. STAT. ANN. art. 1918b, as enacted by Act of May 25, 1979, § 3, 1979 Tex. Gen. Laws at 1772 (master "entitled to a salary as determined by the commissioners court" to be paid "from the county fund available for payment of officers' salaries"); former TEX. GOV'T CODE ANN. § 54.003, as enacted by Act of May 17, 1985, § 1, 1985 Tex. Gen. Laws at 1998-99, eff. Sept. 1, 1985, *as amended by* Act of April 30, 1987, § 2.74(a), 1987 Tex. Gen. Laws at 567, eff. Sept. 1, 1987, *and* Act of June 1, 1987, § 3.02, 1987 Tex. Gen. Laws at 2517, eff. Aug. 31, 1987 ("master shall be paid a salary determined by the commissioners court of the county in which the master serves[,]" to be paid "from the county fund available for payment of officers' salaries").

[35]*See* Act of May 25, 1979, § 1(a), *supra* note 6.

[36]*See also* former salary provisions, *supra* note 34.

only in strict compliance with the budget, except as provided by this section."), (b) (emergency expenditures), (c) (budget transfers) (Vernon 1999).

Your sixth question also relates to the associate judge's salary: "If the commissioners court approved the appointment of a family court master at a maximum salary, is it interpreted to authorize the appointment of a family code associate judge at a greater salary without further action?" Request Letter, *supra* note 1, at 2, 7. In 1984, the commissioners court authorized the 328th District Court to appoint a master and set a maximum salary. The 1984 authorization may not be interpreted to authorize an appointment at a greater salary without further commissioners court action. Further commissioners court action was required to increase the salary, and the commissioners court has done so by approving subsequent county budgets that amended the position's salary limitation. *See* discussion *supra*.

### D.     The District Court's Hiring Process

You ask two questions about the process the judge of the 328th District Court used to select the current associate judge. First, you ask: "What authorization does a judge have to appoint as an associate judge someone who did not apply for the posted position, did not interview and did not meet the posted qualifications?" *Id.* at 2, 5.

You assert that the judge, as an elected officer, had the authority to appoint an associate judge without "go[ing] through the customary hiring practices." *Id.* at 5. As you note, "an elected officer occupies a sphere of authority, which is delegated to [that officer] by the Constitution and laws, . . . which another officer may not interfere [with] or usurp." *Id.* (quoting *Pritchard & Abbott v. McKenna*, 350 S.W.2d 333, 335 (Tex. 1961)). That authority generally includes autonomy in hiring and firing employees. *See, e.g., Abbott v. Pollock*, 946 S.W.2d 513, 517 (Tex. App.–Austin 1997, writ denied); *Renken v. Harris County*, 808 S.W.2d 222, 224 (Tex. App.–Houston [14th Dist.] 1991, no writ).

We are not aware of any statute governing district courts that requires a judge to select an associate judge by posting the position and interviewing candidates. Chapter 201, subchapter A of the Family Code merely requires that the commissioners court authorize the employment of an associate judge, *see* TEX. FAM. CODE ANN. § 201.001(a) (Vernon 2002), and that the associate judge "meet the requirements and qualifications to serve as a judge of the court . . . for which the associate judge is appointed," *id.* § 201.002 (associate judge qualifications); *see also* TEX. CONST. art. V, § 7 (qualifications for district judges); TEX. GOV'T CODE ANN. §§ 24.001 ("A district judge must be at least 25 years old."), 24.603(a) ("A family district court judge's qualifications and term of office are the same as those prescribed by the constitution and laws of this state for district judges.") (Vernon 1988). Neither of the provisions applicable to district courts generally or to family district courts in particular regulate a district court's appointment of an associate judge. *See* TEX. GOV'T CODE ANN. ch. 24, subchs. A (general provisions governing district courts), D (family district courts) (Vernon 1988 & Supp. 2004).

Nor are we aware of any statute governing county employment that requires a district court to use a particular procedure to select employees. *See, e.g.,* TEX. LOC. GOV'T CODE ANN. §§

151.001-.004 (general provisions governing district, county or precinct officials' authority to appoint employees with commissioners court approval) (Vernon 1999). You have not provided us with any information regarding whether an associate judge is subject to any county civil service law, *see id.* ch. 158, subch. A (county civil service system),[37] but even in civil service counties each department head "may assume responsibility for selecting all persons who are to be employees of that department," *see id.* § 158.010(a); *see also id.* § 158.001(3) (defining "department" to include district officer).

Consequently, we conclude that a judge may appoint as an associate judge under Family Code, chapter 201, subchapter A a person who did not apply nor interview for the position and who did not meet posted qualifications, provided that the commissioners court has authorized the judge to employ an associate judge and the associate judge meets the statute's qualifications. *See* TEX. FAM. CODE ANN. §§ 201.001(a), 201.002 (Vernon 2002).

You also ask: "What responsibility does a judge have to those persons who timely applied for a posted associate judge position, participated in the interview process and met the posted requirements, but were overlooked, but not rejected, in favor of another applicant?" Request Letter, *supra* note 1, at 2, 5-6. The primary concern appears to be that the 328th District Court's hiring of an associate judge may have violated the rights of other candidates for the position under Title VII of the Civil Rights Act of 1964, *see id.*,[38] which makes it unlawful for an employer "to fail or refuse to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national origin."[39] You believe, however, that Title VII does not apply to the associate judge position because an associate judge is not an "employee" for purposes of that statute. *See id.*

Title VII excludes from the definition of the term "employee" certain positions, including members of an elected officer's personal staff. Specifically, it excludes

> any person elected to public office in any State or political
> subdivision of any State by the qualified voters thereof, or any person
> chosen by such officer to be on such officer's personal staff, or an
> appointee on the policy making level or an immediate adviser with

---

[37] *See* TEX. LOC. GOV'T CODE ANN. § 158.001(2) (defining "employee" to mean "a person who obtains a position by appointment and who is not authorized by statute to perform governmental functions involving an exercise of discretion in the person's own right, unless the person is included by a local civil service rule adopted under the procedures outlined in Section 158.009; or a person included in the coverage of a county civil service system as the result of an election held under Section 158.007. The term does not include a person who holds an office the term of which is limited by the constitution of this state.") (Vernon 1999).

[38] *See also* 387th District Court Brief, *supra* note 5, at 2. Given your focus on Title VII, we limit our analysis to that statute and do not address any other possible claims.

[39] 42 U.S.C. § 2000e-2(a)(1) (2002); *see also id.* § 2000e-2(a)(2) ("It shall be an unlawful employment practice for an employer . . . to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.").

respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency or political subdivision.

42 U.S.C. § 2000e(f) (2002). Courts apply a six-factor test to determine whether a person is within the "personal staff" exception: (1) whether the elected official has plenary powers of appointment and removal; (2) whether the person in the position at issue is personally accountable to only the elected official; (3) whether the person in the position at issue represents the elected official in the eyes of the public; (4) whether the elected official exercises a considerable amount of control over the position; (5) the level of the position within the organization's chain of command; and (6) the actual intimacy of the working relationship between the elected official and the person filling the position. *See Teneyuca v. Bexar County*, 767 F.2d 148, 151 (5th Cir. 1985). If an associate judge is a member of a district judge's personal staff, Title VII does not apply to applicants for that position. *See id.* at 149-50 (affirming summary judgment dismissing Title VII claim of unsuccessful applicant for assistant criminal district attorney position because a person filling the position sought by applicant would not be an "employee" as defined in 42 U.S.C. § 2000e(f)).

Under Family Code, chapter 201, subchapter A, an associate judge is appointed by the district court. *See* TEX. FAM. CODE ANN. § 201.001(a) (Vernon 2002). When the judge of a single court appoints an associate judge, the associate judge "serves at the will . . . of that court." *Id.* § 201.004(a). Moreover, the associate judge adjudicates matters pursuant to the judge's referral, *see id.* §§ 201.005-.007, and makes findings and recommendations that "become the order of the referring court only on the referring court's signing an order conforming to the associate judge's report," *id.* § 201.013(b); *see also id.* §§ 201.011(report), 201.012, 201.015 (right to appeal to referring court). Given the functions an associate judge performs for the appointing judge and the judge's ultimate authority over the associate judge, we agree with your assessment that a court would conclude that an associate judge appointed by a district judge under Family Code, chapter 201, subchapter A is a member of the district judge's personal staff. *See Teneyuca*, 767 F.2d at 152-53 (concluding on appeal of summary judgment that plaintiff had failed to rebut defendants' showing that an assistant criminal district attorney is a member of the criminal district attorney's personal staff); *see also Bland v. New York*, 263 F. Supp. 2d 526, 539-43 (E.D.N.Y. 2003) (an elected judge's secretary falls within the "personal staff" exception under the *Teneyuca* test), *Laurie v. Alabama Court of Criminal Appeals*, 88 F. Supp. 2d 1334 (M.D. Ala. 2000) (Alabama Court of Criminal Appeals' staff attorneys and junior staff attorneys were exempt as Title VII "employees," because they were members of an elected judge's "personal staff"), *aff'd*, 256 F.3d 1266, 1268 (11th Cir. 2001).[40]

---

[40]In the alternative, a court could conclude that an associate judge is the district judge's "appointee on the policy making level" and "immediate adviser with respect to the exercise of the constitutional or legal powers of the office." 42 U.S.C. § 2000e(f) (2002); *Dyer v. Radcliffe*, 169 F. Supp. 2d 770, 774-75 (S.D. Ohio 2001) (concluding that a court referee appointed by an elected juvenile judge and who "effectively makes policy for, or suggests policy to the court on each occasion that he resolves a dispute in the court's name or recommends a disposition to the judge" was an appointee on the policy making level) (citing *Mumford v. Basinski*, 105 F.3d 264, 272 (6th Cir.1997)); *Laurie*, 88 F. Supp. 2d at

(continued...)

Thus, assuming that an associate judge is not subject to any county civil service laws, *see* 42 U.S.C. § 2000e(f) (2002) ("The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency or political subdivision."), we believe that a court would conclude that Title VII does not apply to an applicant for an associate judge position under Family Code, chapter 201, subchapter A.

### E.    The Effect of the Creation of the 387th District Court on the 1984 Authorization

Finally, you ask us to consider the 1984 authorization in light of the creation of the 387th District Court. Specifically, you ask if the 1984 "authorization to the only then sitting family court to appoint a master extend[s], upon the legislative creation of a second family court, to authorize either the appointment of an associate judge for the second court or the appointment of one associate judge for both courts." Request Letter, *supra* note 1, at 2, 7. The 1984 authorization permitted the 328th District Court to employ a family law master. The legislature created the 387th District Court in 1999. By its terms, the 1984 authorization does not permit any court other than the 328th District Court to employ a master or associate judge. *See id.* Exhibit A (Minutes of August 13, 1984 Fort Bend County Commissioners Court Meeting).

Because more than one court in the county may have family law jurisdiction, chapter 201, subchapter A of the Family Code provides a commissioners court with latitude in allocating associate judge positions. Specifically, section 201.001 of the Family Code provides that if more than one court in the county has jurisdiction over family law matters, "the commissioners court may authorize the appointment of an associate judge for each court or may authorize one or more associate judges to share service with two or more courts." TEX. FAM. CODE ANN. § 201.001(c) (Vernon 2002).[41] Under this provision, the Fort Bend County Commissioners Court may authorize the 387th District Court to employ an associate judge of its own or it may authorize the two courts to share an associate judge. However, neither this provision nor any other provision in chapter 201, subchapter A modifies a commissioners court's existing authorization to appoint an associate judge upon the creation of a new family law court or requires a commissioners court to modify such an authorization upon the creation of a new family law court.

---

[40](...continued)
1349 (Alabama Court of Criminal Appeals' staff attorneys and junior staff attorneys were also exempt as Title VII "employees," because they served as "immediate advisers" to elected judges); *see also Gomez v. City of Eagle Pass*, 91 F. Supp. 2d 1000, 1004 (W.D. Tex. 2000) (stating that "there are no cases in the Fifth Circuit interpreting the Title VII exception for policymakers" and applying three factors articulated by the Eighth Circuit: (1) whether the employee has discretionary, rather than solely administrative powers; (2) whether the employee serves at the pleasure of the appointing authority; (3) whether the employee formulates policy) (citing *Stillians v. Iowa*, 843 F.2d 276 (8th Cir. 1988)).

[41]*See also* TEX. FAM. CODE ANN. §§ 201.001(d) ("If an associate judge serves more than one court, the associate judge's appointment must be made with the unanimous approval of all the judges under whom the associate judge serves."), 201.004(c) ("The employment of an associate judge who serves two courts may be terminated by either of the judges of the courts which the associate judge serves.") (Vernon 2002).

## S U M M A R Y

Chapter 201, subchapter A of the Family Code is the successor statute to former article 1918b of the Revised Civil Statutes, which authorized a district court with family law jurisdiction to appoint a family law master if the commissioners court authorized the employment of a master. The Fort Bend County Commissioners Court's 1984 authorization for the 328th District Court to employ a family law master pursuant to former article 1918b permits the judge of that district court to appoint an associate judge pursuant to chapter 201, subchapter A of the Family Code, provided that (i) the commissioners court has not rescinded the 1984 authorization, and (ii) the current county budget provides for the position. The 1984 authorization does not permit any other district court to appoint an associate judge.

The 1984 authorization's salary limitation does not prohibit the commissioners court from increasing the associate judge's salary in any subsequent county budget. The commissioners court's authority to pay the associate judge's salary in any given budget year is limited by the county budget.

A judge may appoint as an associate judge under Family Code, chapter 201, subchapter A a person who did not apply nor interview for the position and who did not meet posted qualifications, provided that the commissioners court has authorized the judge to employ an associate judge and the associate judge meets the statute's qualifications. *See* TEX. FAM. CODE ANN. §§ 201.001(a), 201.002 (Vernon 2002). A court is likely to conclude that an associate judge appointed under this provision is not an "employee" under Title VII of the Civil Rights Act of 1964.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee