Sharyl TENEYUCA, Plaintiff-Appellant,

v.

BEXAR COUNTY, Bill White, and Charles T. Conaway, Defendants-Appellees.

No. 85–2149
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 2, 1985.

James A. Kosub, San Antonio, Tex., for plaintiff-appellant.

William R. Crow, San Antonio, Tex., for defendants-appellees.

Before GEE, JOHNSON, and DAVIS, Circuit Judges.

JOHNSON, Circuit Judge:

Sharyl Teneyuca appeals from the judgment of the district court granting the defendants' motion to dismiss or alternative motion for summary judgment in Teneyuca's sex discrimination suit against Bexar County, Bill White, and Charles T. Conaway. At the time of the alleged acts of discrimination, White was Bexar County Criminal District Attorney and Conaway was Chief Assistant Bexar County Criminal District Attorney. On appeal, Teneyuca asserts that the district court erred in dismissing Conaway from the action because Conaway was not specifically named in Teneyuca's charge filed with the Equal Employment Opportunity Commission (EEOC). Teneyuca also asserts that the district court erroneously granted summary judgment in favor of Bexar County and Bill White. Teneyuca challenges the district court's conclusion that an assistant district attorney is excepted from Title VII's definition of "employee" because a person holding that position would be a

member of the "personal staff" of an elected official. For the reasons stated below, the judgment of the district court is affirmed.

## I. BACKGROUND

In June of 1981 and again in September of 1981, Sharyl Teneyuca (Teneyuca) applied for the position of Assistant Bexar County Criminal District Attorney. Teneyuca asserts in her complaint that in both instances she was as qualified or better qualified than the other applicants, and that in each instance male applicants were hired.

Pursuant to the requirements of Title VII, 42 U.S.C. § 2000e *et seq.*, Teneyuca filed with the EEOC a charge of sex discrimination against the Bexar County District Attorney. In her charge, Teneyuca alleged that she had not been hired as an assistant criminal district attorney because of her sex. Teneyuca's filing of the charge was timely, and she received a notice of right to sue from the EEOC. She then commenced this action against Bexar County, Bill White, and Charles T. Conaway. In this action, Teneyuca asserted claims under Title VII and 42 U.S.C. § 1983. Teneyuca has since abandoned her section 1983 claim.

The defendants filed a motion to dismiss or in the alternative a motion for summary judgment. The defendants asserted two grounds in support of their motions. First, the defendants argued that Teneyuca's complaint against defendants Bexar County and Charles T. Conaway must be dismissed because Teneyuca failed to specifically name those defendants in her original charge filed with the EEOC.[1] Second, the defendants argued that they were entitled to summary judgment because a person filling the position sought by Teneyuca would not be an "employee" as defined in 42 U.S.C. § 2000e(f) because "any person

---

1. 42 U.S.C. § 2000e–5(f)(1) provides that a private Title VII action may be brought "against the respondent named in the [EEOC] charge...." Teneyuca's charge named only the Bexar County Criminal District Attorney. The district court held that Conaway was not named in the charge and dismissed him from this ac-

tion. *See, e.g., Bratton v. Bethlehem Steel Corp.,* 649 F.2d 658, 666 (9th Cir.1980); *Bowe v. Colgate-Palmolive Co.,* 416 F.2d 711, 719 (7th Cir. 1969). This Court need not address the propriety of this decision since we hold that summary judgment on the coverage issue was not error.

elected to public office ... or any person chosen by such officer to be on such officer's personal satff ..." is excepted from the definition of "employee." The district court dismissed Conaway from the suit because Conaway was not named in Teneyuca's EEOC charge. The district court also granted summary judgment in favor of the other two defendants on the second argument. Teneyuca appeals. For the reasons stated below, the judgment of the district court is affirmed.

## II. THE "PERSONAL STAFF" EXCEPTION

The district court's judgment granted summary judgment in favor of two of the defendants.[2] The district court based its ruling on the defendants' assertion that the person holding the position of assistant criminal district attorney is not an "employee" for purposes of Title VII because the assistant criminal district attorney is a member of the "personal staff" of the Bexar County Criminal District Attorney.

This Court reviews a grant of summary judgment under the following standard:

A grant of summary judgment is appropriate only where it appears from the pleadings, depositions, admissions, answers to interrogatories, and affidavits— considered in the light most favorable to the opposing party—that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

*Dorden v. C.H. Heist Corp.*, 743 F.2d 1135, 1137 (5th Cir.1984) (quoting Fed.R.Civ.P. 56(c)).

Our analysis begins with a discussion of the substantive law governing this appeal. Title VII provides:

The term 'employee' means an individual employed by an employer, *except that the term 'employee' shall not include any person elected to public office* in any State or political subdivision of any State by the qualified voters thereof, *or any person chosen by such officer to be on such officer's personal staff,* or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency or political subdivision.

42 U.S.C. § 2000e(f) (emphasis added).

In *Calderon v. Martin County*, 639 F.2d 271 (5th Cir.1981), this Court determined that a plaintiff's status as an "employee" for purposes of Title VII is a question of federal rather than state law. Status is a question of federal law because Congress amended Title VII specifically to bring " 'governmental agencies, [and] political subdivisions' under the Act's requirements," and that the purpose would be defeated "if state governments themselves [were able] to designate which of their workers will receive Title VII protection." *Id.* at 273 (quoting 42 U.S.C. § 2000e(a)). This Court stated: "State law is relevant insofar as it describes the plaintiff's position, including [her] duties and the way [she] is hired, supervised and fired...." *Id.*[3]

It is undisputed that the Bexar County Criminal District Attorney is an elected official as contemplated by section 2000e(f). Tex.Rev.Civ.Stat.Ann. art. 326k–50 § 2. Moreover, Tex.Rev.Civ.Stat.Ann. art. 2372h–6 § 10(b)(1) specifically exempts as-

---

**2.** This Court treats the district court's ruling as a grant of summary judgment because it is apparent that the district court considered matters outside the pleadings. Fed.R.Civ.P. 12(c).

**3.** In *Calderon,* a Florida deputy sheriff brought a Title VII action claiming that he was discharged from his position because of his national origin. The district court concluded that a deputy sheriff is not an "employee" for the pur-

poses of Title VII. This Court reversed. We held first that the determination of a complainant's status as an employee is a federal question and that the district court erred in relying on Florida precedent to make that determination. Second, this Court determined that the complaint presented factual questions requiring a remand for further factual findings.

sistant criminal district attorneys from civil service protection. Nevertheless, while these two factors are requirements of the exception, they are not dispositive of this Court's determination.

In addition to these two requirements, this Court must determine whether the position of assistant district attorney is the type of position covered by the "personal staff" exemption of section 2000e(f). Title VII does not define the term "personal staff." Moreover, this Court has not had occasion to address the specific question presented in this appeal.

Nevertheless, other courts have addressed this issue, and we look to those cases for guidance. The Fourth Circuit in *Curl v. Reavis*, 740 F.2d 1323 (4th Cir. 1984), the Eighth Circuit in *Goodwin v. Circuit Court of St. Louis County*, 729 F.2d 541 (8th Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 112, 83 L.Ed.2d 55 (1984) and —— U.S. ——, 105 S.Ct. 1194, 84 L.Ed.2d 339 (1985), the Ninth Circuit in *Ramirez v. San Mateo County*, 639 F.2d 509 (9th Cir.1981), and the Tenth Circuit in

*Owens v. Rush*, 654 F.2d 1370 (10th Cir. 1981), have addressed the meaning of the section 2000e(f) exception to Title VII.[4] These cases have isolated a number of factors which courts have found significant in determining whether a complainant falls within the "personal staff" exception to Title VII's definition of employee.

These factors include: (1) whether the elected official has plenary powers of appointment and removal, (2) whether the person in the position at issue is personally accountable to only that elected official, (3) whether the person in the position at issue represents the elected official in the eyes of the public, (4) whether the elected official exercises a considerable amount of control over the position, (5) the level of the position within the organization's chain of command, and (6) the actual intimacy of the working relationship between the elected official and the person filling the position. *See Goodwin*, 729 F.2d at 548–49,[5] *Ramirez*, 639 F.2d at 511–13,[6] *Owens*, 654 F.2d at 1374–76.[7] This list of

---

4. There are also a number of district court cases addressing this exception. *See, e.g., United States v. Gregory*, 582 F.Supp. 1319 (W.D.Va. 1984); *Brewster v. Schockley*, 554 F.Supp. 365 (W.D.Va.1983); *Howard v. Ward County*, 418 F.Supp. 494 (D.N.D.1976); *Kyles v. Calcasieu Parish Sheriff's Department*, 395 F.Supp. 1307 (W.D.La.1975); *Wall v. Coleman*, 393 F.Supp. 826 (S.D.Ga.1975).

5. In *Goodwin*, the Eighth Circuit addressed the question of whether a hearing officer for the Juvenile Division of the Circuit Court of St. Louis County, Missouri, was an immediate adviser to an elected official for purposes of the exception to Title VII coverage. The Eighth Circuit determined that the hearing officer was not an immediate adviser of the elected judge. In making that determination, the court focused on the lack of personal contacts between the holders of the two positions and the independent judgment that the hearing officer was required to exercise. Although this opinion construes a different part of the § 2000e(f) exception, we find the Eighth Circuit's analysis helpful. *See also Anderson v. City of Albuquerque*, 690 F.2d 796, 800–801 (10th Cir.1982).

6. The *Ramirez* case presents fact similar to the instant appeal. In that case, the Ninth Circuit was faced with the issue of whether the position of deputy district attorney for San Mateo County, California, was a position excepted from

Title VII coverage under the "personal staff" exception. The district court dismissed the plaintiff's claim under Title VII for that reason, and the Ninth Circuit affirmed. In doing so, the Ninth Circuit found that the district attorney had plenary powers of appointment and removal, that the deputy district attorney performed to the district attorney's personal satisfaction rather than to the more generalized standards applicable to other county workers, that the deputy district attorney's work was highly confidential and sensitive, and that the deputy district attorney represented the district attorney in the eyes of the public. The court in *Ramirez* relied on *Wall v. Coleman*, 393 F.Supp. 826 (S.D.Ga.1975). In *Wall*, the district court reached a similar result in a case presenting the issue of whether an assistant county district attorney was a member of the personal staff of the elected district attorney.

7. In *Owens*, the Tenth Circuit determined that an undersheriff was a member of the personal staff of the elected sheriff because the sheriff had plenary powers of appointment and removal, the undersheriff was personally accountable to the sheriff, and because that level of personal accountability was reasonable. Moreover, the undersheriff had a very close working relationship with the sheriff, and the undersheriff was second in authority to the sheriff.

factors is not intended to be exhaustive, but it does indicate those factual considerations that courts have found helpful in making this determination. In short, the courts look to the "nature and circumstances of the employment relationship between the complaining individual and the elected official to determine if the exception applies." *Owens*, 654 F.2d at 1375. *See Curl*, 740 F.2d at 1328.

This Court's consideration of these factors must be tempered by the legislative history of this provision which indicates that the exception is to be narrowly construed. *Owens*, 654 F.2d at 1375. For example, the conference report on this legislation states: "It is the conferees [sic] intent that this exemption shall be construed narrowly." 1972 U.S.Code Cong. & Ad.News, 2137, 2180. Furthermore, Senator Ervin, the sponsor of the original Senate amendment, agreed that the purpose of the exception was to "exempt from coverage those who are chosen by ... the elected official ..., and who are in a close personal relationship and an immediate relationship with him. Those who are his first line advisers." 118 Cong.Rec. 4492–93 (1972). These comments led the Tenth Circuit to conclude: "Thus it would appear that Congress intended for the personal staff exception to apply only to those individuals who are in highly intimate and sensitive positions of responsibility on the staff of the elected official." *Owens*, 654 F.2d at 1375.

This Court notes that the highly factual nature of the inquiry necessary to the determination of the "personal staff" exception does not lend itself well to disposition by summary judgment. Nevertheless, several factors take the instant case out of the scope of that general observation. First, several of the factors discussed above are statutorily determined in this case, and there is no allegation that the actual situation differs from that provided by statute. Second, and more importantly, the plaintiff did not meet the requirements of Fed.R. Civ.P. 56(e) in responding to the defendants' motion for summary judgment. For

these reasons, the judgment of the district court is affirmed.

▮ First, Tex.Rev.Civ.Stat.Ann. art. 326k–50 § 6 provides:

The Criminal District Attorney of Bexar County shall appoint assistants, stenographers, investigators and other employees of this office. The number of such positions in each class of employment, and the amount of salary that shall be paid to the person holding each position shall be designated by the Criminal District Attorney and be subject to the approval of the Commissioners Court of Bexar County....

Also, Tex.Rev.Civ.Stat.Ann. art. 326k–50 §§ 3 and 7 indicate that the Assistant Bexar County Criminal District Attorneys represent the Criminal District Attorney in the courts of the county, and therefore, in eyes of the public as well.

Moreover, the affidavit of Bill White, the then Bexar County Criminal District Attorney, stated: "I further state that I am an elected official and have the right under Texas law to hire whomsoever I feel should be hired." Record Vol. I at 45. Finally, the affidavit of the County Judge of Bexar County stated: "[T]he County of Bexar has absolutely nothing to do with, nor control over who is hired by the Office of the Criminal District Attorney...." Record Vol. I at 44. On the basis of this evidence, and the statutory provisions cited, the defendants moved for summary judgment.

The defendants' summary judgment showing was sufficient to shift the burden of production to Teneyuca. Teneyuca, however, wholly failed to present any evidence in response to defendants' motion. Fed.R.Civ.P. 56(e) provides:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule [depositions, answers to interrogatories, and admissions on file], must set forth specific facts showing that there is a genuine issue for trial. If he does not so re-

spond, summary judgment, if appropriate, shall be entered against him.

In the instant case, Teneyuca's response to defendants' motion consisted of two memoranda. The first was entitled "Plaintiff's Response to Motion to Dismiss or in the Alternative for Summary Judgment," and the second was entitled, "Memorandum Brief in Support of Plaintiff's Response to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment." This Court has carefully reviewed both of these documents and we determine that the plaintiff has wholly failed to demonstrate by affidavit, depositions, answers to interrogatories, admissions on file, or other admissible evidence that there is a genuine issue of material fact. *See Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir.1985).

Thus, this Court concludes that there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). This is not to say that as a matter of law a plaintiff could never demonstrate that material facts exist such that summary judgment would be inappropriate in another similar case against this or another similar defendant. This Court holds only that in this case Teneyuca failed to demonstrate the presence of material factual issues so as to defeat the defendants' motion for summary judgment.

Our discussion of the summary judgment issue allows this Court to defer consideration of Teneyuca's first ground of error—whether Teneyuca's claim against Conaway should have been dismissed because Conaway was not specifically named in Teneyuca's EEOC charge. Even if Conaway could be sued, summary judgment in his favor would also be appropriate for the reasons previously discussed.

## III. CONCLUSION

For the reasons stated above, the judgment of the district court is

AFFIRMED.