United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 24, 2005**

Charles R. Fulbruge III
Clerk

REVISED MARCH 28, 2005

**THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 04-60374

_____

STACIE RUTLAND,

Plaintiff - Appellee,

versus

L GLYNN PEPPER, Individually and in his official capacity as
Chancery Clerk of Hinds County

Defendant - Appellant.

_____

Appeal from the United States District Court
For the Southern District of Mississippi

_____

Before JOLLY, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:

This appeal stems from the district court's denial of defendant-appellant L. Glynn Pepper's summary judgment motion asserting in part his qualified immunity as a state official. Because plaintiff-appellee Stacie Rutland has failed to allege violations under either 42 U.S.C. § 1983 or the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601–2654, Pepper is entitled to qualified immunity on these claims. Accordingly, we reverse and remand.

I.

Rutland began working in January 2000 as an administrative assistant to elected Chancery Clerk L. Glynn Pepper at the Office of the Chancery Clerk of Hinds County, Mississippi. She held the title of Deputy Clerk and performed job duties such as preparing lists of unpaid taxes, completing personnel action forms, filing bankruptcy claims, communicating with the public, and performing general clerical work.

In March 2001, Rutland began having back problems and requested leave on several occasions throughout 2001 and 2002. Pepper approved each of her leave requests. However, Rutland alleges that when she returned from taking her leave periods, she was treated unfairly. She asserts that at various points Pepper asked her to resign, stopped speaki ng to her, transferred her job duties to another employee, and assigned her only menial tasks. Rutland contends that ultimately she was forced to work without her own desk, computer, or telephone. On October 23, 2002, Rutland resigned.

Rutland sued Pepper in his individual and official capacities for breach of contract, for violating her First and Fourteenth Amendment constitutional rights, actionable under 42 U.S.C. § 1983, and for violating the FMLA's equivalent position and retaliation provisions, 29 U.S.C. § 2614(a), § 2615(a). In response, Pepper filed a summary judgment motion asserting, among other things, that he was entitled to qualified immunity. The district court issued a brief, general denial of Pepper's motion, from which Pepper filed this interlocutory appeal.

II.

We review a district court's denial of summary judgment based on qualified immunity *de novo*. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The doctrine of qualified immunity shields

2

government officials from civil liability as long "as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The first step in qualified immunity analysis is determining whether a plaintiff has successfully alleged facts showing the violation of a statutory or constitutional right by state officials. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If there is no violation, then the inquiry ends. *See id.*

Rutland has failed to establish that Pepper violated either her constitutional or statutory rights. Rutland hardly mentions her First Amendment claim. She offers no facts or arguments in either her original pleading or appellate brief to suggest that her free speech rights were violated. Rutland also fails to articulate a violation of the Fourteenth Amendment. She mentions being constructively discharged, but this allegation cannot constitute a due process violation. This Court has held that "[c]onstructive discharge in a procedural due process case constitutes a § 1983 claim only if it amounts to forced discharge to avoid affording pretermination hearing procedures." *Fowler v. Carrollton Pub. Library*, 799 F.2d 976, 981 (5th Cir. 1986). Rutland does not assert that Pepper sought to avoid providing her pretermination procedures. Because Rutland has not alleged facts showing that Pepper violated her constitutional rights, Pepper is entitled to qualified immunity with respect to Rutland's § 1983 claims.

Rutland's FMLA allegations cannot survive summary judgment because Rutland is not an "employee" entitled to FMLA protection.[1] The FMLA entitles "an eligible employee" to take up to

---

[1] Although neither party addresses the issue, there is an additional question as to whether the FMLA extends to public officials in their individual capacities. There is a circuit split on this issue. *Compare Mitchell v. Chapman,* 343 F.3d 811, 829–32 (6th Cir. 2003) (concluding that the FMLA does not impose individual liability on public officials), *and Wascura v. Carver*, 169 F.3d 683, 685–87 (11th Cir. 1999) (same), *with Darby v. Bratch*, 287 F.3d 673, 681 (8th Cir. 2002)

twelve weeks of unpaid leave in any twelve-month period for qualifying medical or family reasons. § 2612(a)(1). The FMLA regulations ensure that the employee will be restored to the same or an equivalent position upon returning to work, 29 C.F.R. § 825.215, and prohibits employers from discriminating against employees who have taken or requested FMLA leave. 29 U.S.C. § 2615(a); *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 768 (5th Cir. 2001).

The FMLA excludes from coverage the personal staff members of public office holders. In its definition of employee, the FMLA incorporates the personal staff exemption in the FLSA. This provision, 29 U.S.C. § 2611(3), states: "The terms 'employ', 'employee', and 'State' have the same meanings given such terms in subsections (c), (e), and (g) of section 203 of this title [the FLSA]." The explicitly referenced 29 U.S.C. § 203(e) contains the personal staff exemption, which excludes individuals "selected by the holder of a public office of a political subdivision to be a member of his or her personal staff." § 203(e)(2)(C).

This Court has provided a nonexhaustive list of factors to determine whether a plaintiff was a member of the defendant's personal staff:

> (1) whether the elected official has plenary powers of appointment and removal, (2) whether the person in the position at issue is personally accountable to only that elected official, (3) whether the person in the position at issue represents the elected official in the eyes of the public, (4) whether the elected official exercises a considerable amount of control over the position, (5) the level of the position within the organization's chain of command, and (6) the actual intimacy of the working relationship between the elected official and the person filling the position.

---

(holding that the FMLA permits public officials to be sued in their individual capacities), *and Morrow v. Putman*, 142 F. Supp. 2d 1271, 1273–74 (D. Nev. 2001) (same). This Court has not yet ruled on the issue.

However, it is unnecessary to reach this issue because Rutland does not qualify as an employee for purposes of the FMLA.

*Teneyuca v. Bexar County*, 767 F.2d 148, 151 (5th Cir. 1985).[2]

Pepper argues, and Rutland conceded during oral argument, that each of these factors supports a finding that Rutland was a member of Pepper's personal staff: 1) Pepper had the authority to hire and fire Rutland; 2) Rutland was accountable only to Pepper; 3) Rutland represented Pepper to members of the public contacting the Chancery's office; 4) Pepper, who brought Rultand with him from his previous position as the Hinds County Tax Collector to the Chancery's office, exercised control over Rutland's position; 5) Rutland was Pepper's immediate subordinate;[3] and 6) Rutland and Pepper, at least until she exercised her leave, worked closely together.

We recognize that the personal staff exemption must be narrowly construed, *Clark v. Tarrant County*, 798 F.2d 736, 742 (5th Cir. 1986), and "the highly factual nature of the inquiry necessary to the determination of the 'personal staff' exception does not lend itself well to disposition by summary judgment." *Teneyuca*, 767 F.2d at 152. However, Rutland failed to contest, much less raise a genuine issue of material of fact about, whether she was Pepper's personal staff member.

Because Rutland failed to allege a violation of her constitutional or FMLA rights, the district court should have granted Pepper summary judgment based on qualified immunity. As such, we REVERSE and REMAND to the district court for dismissal of the claims asserted by Rutland pursuant to 42 U.S.C. § 1983 and the FMLA and for such other proceedings that are not inconsistent with this

[2] Although *Teneyuca* involves a claim brought under Title VII rather than the FMLA or the FLSA, because all three statutes contain identical definitions of "employee," courts considering personal staff exemptions to the FLSA or the FMLA may be guided by cases interpreting an analogous exemption to Title VII. *Nichols v. Hurley*, 921 F.2d 1101, 1103 (10th Cir. 1990).

[3] We have recognized, when applying the fifth factor, that the "'personal staff' exception . . . was primarily intended to exempt the elected official's immediate subordinates or those 'who are his first line advisors.'" *Montgomery v. Brookshire*, 34 F.3d 291, 296 (5th Cir. 1994).

opinion.