United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 17, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———————————————

No. 05-20230

———————————————

BENJAMIN JOHNSON,

Plaintiff–Appellant,

versus

HOUSTON'S RESTAURANT, INC.,

Defendant–Appellee.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
No. 4:03-CV-4566

———————————————————————

Before JONES, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:[*]

Benjamin Johnson sued Houston's Restaurants, Inc., ("Houston's") for a violation of the

Family and Medical Leave Act ("FMLA"). Because the district court properly granted summary

judgment in favor of Houston's, we affirm the judgment below.

## I. FACTS AND PROCEEDINGS

Johnson had been employed by Houston's for fourteen years, and at the time of his injury, he

_____

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

held a kitchen position as "Fourth Man Assembler." On July 23, 2001, while at home, Johnson slipped and hurt his neck and back, an injury for which he visited a doctor and took unpaid leave. Houston's does not dispute that the leave qualified as protected leave under the FMLA.

During his time away from work, Johnson periodically updated Houston's on the progress of his recovery.[1] Beginning August 1, 2001, he submitted a series of five notes from his doctors to substantiate his condition and his need for continued leave. The final doctor's note, dated September 19, released Johnson for "light duty only" as of September 24, which meant that Johnson was restricted to lifting no more than twenty pounds and had to protect his neck and back. Johnson faxed this last doctor's note to his supervisor, Barry Fisher, on September 19.

On September 27, Johnson met with Fisher at Houston's. The district court found that "during this meeting, [Johnson] requested reinstatement to the Fourth Man position."[2] The parties do not dispute that Johnson was physically unable to resume all the duties of his previous position as of the September 27 meeting. At this meeting, Johnson was offered a different position, that of "salad expediter." Though Johnson could have performed that job, it paid less, and in Johnson's opinion, came with less prestige. Johnson turned down the different position, and Fischer promptly fired him.

---

[1] 29 C.F.R. § 825.309(a) allows an employer to require an employee to submit periodic status reports during the period of FMLA leave. Houston's did not require Johnson to do so.

[2] Johnson, at different times, has differently represented what occurred at that meeting. In his complaint and in his response to Houston's summary judgment motion below, Johnson admitted: "Mr. Johnson was on medical leave for 62 days. Upon his return he was refused reinstatement to the same or equal level job." In his deposition, Johnson modified his explanation, stating that one of the purposes of the meeting was to request reinstatement to the Fourth Man Assembler position. In his brief on appeal, however, Johnson contends that the meeting simply was in the nature of another periodic report, "to keep his colleagues aware of his condition" because "he was eager to talk about returning to work."

In September 2003, Johnson filed suit in Texas state court on the FMLA claim. Houston's timely removed the case to federal court on diversity and federal question grounds. After appropriate filings, the district court granted summary judgment to Houston's in February 2005. The district court explained that Johnson not only was unable to return to work on September 27, 2001 (the date of the meeting with Fischer), but also did not establish that he would have been able to perform his previous duties at the end of the statutory twelve-week FMLA leave period. Since the result would have been the same regardless of which date Houston's refused to reinstate Johnson, the district court did not decide which date controlled the inquiry. Johnson timely appealed to this court.

## II. STANDARD OF REVIEW

This court reviews de novo a district court's grant of summary judgment, using the same standards as the district court. *Urban v. Dolgencorp of Tex., Inc.*, 393 F.3d 572, 573 (5th Cir. 2003). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). We view the evidence and all reasonable inferences in the light most favorable to the nonmoving party. *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Further, "we may affirm a summary judgment on any ground supported by the record, even if it is different from that relied on by the district court." *Holtzclaw v. DSC Comms. Corp.*, 255 F.3d 254, 258 (5th Cir. 2001).

## III. DISCUSSION

The FMLA, *inter alia*, entitles an eligible employee to twelve weeks of unpaid leave, within a twelve-month period, if the employee suffers from a serious health condition. 29 U.S.C. §

2612(a)(1). *See also Rutland v. Pepper*, 404 F.3d 921, 923 (5th Cir. 2005). Upon returning from FMLA leave, the employee must be restored to the same or an equivalent position. 29 U.S.C. § 2614(a)(1); 29 C.F.R. § 825.214(a). *See also Rutland*, 404 F.3d at 923. However, if the employee cannot perform the duties of his previous job, the FMLA does not require the employer to provide a job that the employee can perform. 29 C.F.R. § 825.214(b). The FMLA explicitly considers the type of situation at issue here, in which an employee may return from FMLA leave prior to the end of the twelve-week maximum period. *See, e.g.*, 29 U.S.C. § 2612(b); 29 C.F.R. § 825.312(e).

The parties agree that Johnson's medical condition qualified his leave for FMLA protection. The only disputed issues are whether Johnson returned from FMLA leave on September 27, 2001, and whether he was able to perform his previous job duties as of the end of his FMLA leave (be it on on September 27 or at the end of the full twelve-week period).

Johnson admitted in his complaint, and repeated in his response to Houston's summary judgment motion, that "Mr. Johnson was on medical leave for 62 days. *Upon his return* he was refused reinstatement to the same or equal level job." (emphasis added). This court's precedent makes clear that "[f]actual assertions in pleadings are judicial admissions conclusively binding on the party that made them." *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983). *See also Morales v. Dep't of the Army*, 947 F.2d 766, 769 (5th Cir. 1991); *Davis v. A.G. Edwards & Son, Inc.*, 823 F.2d 105, 108 (5th Cir. 1987). Since facts admitted in pleadings "are no longer at issue," *Davis*, 823 F.2d at 108, Johnson is foreclosed from now arguing on appeal contrary to the facts alleged in his complaint.

Because Johnson admitted that he returned from FMLA leave on September 27, 2001, his claim can only survive if, upon return, he was able to perform his previous duties. As mentioned

earlier, though, it is undisputed that Johnson could not perform the duties of a Fourth Man Assembler as of the September 27, 2001, meeting. Therefore, Houston's did not violate the FMLA by refusing to reinstate Johnson to that position, since he was physically incapable of performing the duties previously required of him. Accordingly, we affirm the district court.[3]

## IV. CONCLUSION

Because the district court properly granted summary judgment against Johnson and in favor of Houston's, we AFFIRM the judgment below.

---

[3]Since we conclude that Johnson's admission conclusively binds him, for purposes of the statute, to the position that he returned from FMLA leave on September 27, 2001, we need not address the district court's additional finding that Johnson would have been unable to perform his required duties at the end of the full twelve-week period.