IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-60656
Summary Calendar

VENISSA SADDLER

Plaintiff-Appellant

V.

QUITMAN COUNTY SCHOOL DISTRICT;
VALMADGE TOWNER, In His Individual Capacity

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
2:05-CV-218

Before HIGGINBOTHAM, DAVIS, and GARZA, Circuit Judges.

PER CURIAM:[*]

Venissa Saddler sued Quitman County School District (QCSD), as well as the Superintendent, Valmadge Towner, in his individual capacity. The district court granted summary judgment in Defendants' favor, and Saddler appeals. The two issues that concern us are the "personal staff" exception to Title VII and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Saddler's purported federal equal protection claims against Towner. For the reasons that follow, we affirm.

I

Saddler met Towner in the 1990s. Beginning in 1997, the two began a lengthy sexual relationship, which ended, according to Saddler, in 2003. Towner was elected Superintendent of QCSD in 2003, and his term in office commenced in January 2004. Towner created an executive secretary position and recruited Saddler to fill it.

The events leading to this lawsuit revolve around Saddler's allegation that Towner engaged in a pattern of sexual harassment directed at her, harassment that began shortly after she started her job. Events culminated during the morning of September 15, 2005, when Saddler alleges that Towner raped her in his office. Although there are questions as to when and to whom she reported the alleged rape, it was eventually reported to law enforcement. However, the district attorney declined to prosecute. Saddler also filed a complaint alleging phone harassment charges against Towner based on conversations following the alleged rape.

Following the alleged assault, Saddler took a long medical leave of absence, returning to work in May 2006. She did not return to her position as Towner's executive secretary; rather, she was transferred to a job in an elementary school. Defendants explained that it would be better for all of the parties to separate Saddler and Towner when she returned to work, to minimize any contact between the two. The transfer did not result in a reduction in her pay or benefits. In contrast, Saddler says that the transfer was a retaliatory demotion for her having reported the sexual assault and harassment.

Saddler filed a charge with the EEOC in September 2005. She sued QCSD and Towner in October 2005, and filed an amended complaint in August 2006. As construed by the district court, the amended complaint alleged sexual

harassment and retaliation claims under Title VII, as well as Fourteenth Amendment substantive due process and equal protection claims, against QCSD. The court read her complaint as alleging state-law claims against Towner, though there is now a dispute as to whether she also brought federal claims against him. Towner counter-claimed under state law. QCSD filed a motion for summary judgment. Saddler filed a motion in opposition, but conceded the substantive due process claim.

The district court granted QCSD's motion. The court ruled that Title VII's "personal staff" exception applied to Saddler, and therefore she was not an employee under Title VII. The court further ruled that Saddler's equal protection claims against QCSD failed as a matter law. Having dismissed what it considered to be Saddler's federal claims, the court declined supplemental jurisdiction over the various state-law claims. Saddler appealed. Subsequent to the completion of briefing, Saddler filed a motion to dismiss her appeal for lack of appellate jurisdiction.

## II

## A

We review the district court's grant of summary judgment de novo, applying the same standards as the district court.[1] "A summary judgment motion is properly granted only when, viewing the evidence in the light most favorable to the nonmoving party, the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"[2]

## B

---

[1] Jones v. Robinson Prop. Group, L.P., 427 F.3d 987, 991 (5th Cir. 2005).

[2] Id. (quoting Fed. R. Civ. P. 56(c)).

In her opening brief, Saddler challenged the district court's judgment on two grounds. First, she argued that there were material issues of fact as to whether she fell within Title VII's personal staff exception. Second, Saddler contended that the district court erred in granting summary judgment on her equal protection claims against Towner. In her reply brief, Saddler injected, as relevant to our disposition of the appeal, another issue: whether QCSD waived the personal staff exception by failing to plead it as an affirmative defense. After filing her reply brief, Saddler filed a motion to dismiss her appeal for lack of appellate jurisdiction, arguing that the district court had not in fact ruled on her federal equal protection claims against Towner, and therefore, there was no final judgment from which to appeal.

1

We begin with Saddler's contention that the district court never ruled on her federal equal protection claims against Towner because it implicates our jurisdiction, and then turn to her original contention that the district court erred in granting summary judgment on those claims.

28 U.S.C. § 1291 limits our jurisdiction to appeals from "final decisions of the district courts."[3] "Hence, as a general rule, all claims and issues in a case must be adjudicated before appeal, and a notice of appeal is effective only if it is from a final order or judgment."[4]

Saddler's motion to dismiss is not well taken. As the master of her complaint, it should have been obvious to her if the district court's summary judgment decision left some claims unresolved, yet she appealed. Similarly, in her opening brief, Saddler stated that there was a final judgment; indeed, she argued that the district court erred by granting summary judgment on her equal

---

[3] Swope v. Columbian Chems. Co., 281 F.3d 185, 191 (5th Cir. 2002).

[4] Id.

protection claims against Towner. Saddler's change of course is, to put it charitably, curious. In any event, having reviewed the amended complaint, the district court's memorandum opinion, and the parties' summary judgment filings, we conclude that the district court did in fact dispose of all of Saddler's claims, and therefore, we have jurisdiction.

Far from leaving the equal protection claims against Towner unaddressed, the district court construed Saddler's amended complaint as only raising state-law claims against Towner. In its memorandum opinion, the court summarized its construction of Saddler's complaint as follows:

> The Amended Complaint appears to levy the following claims against the District: (1) substantive due process claim pursuant to the Fourteenth Amendment to the U.S. Constitution; (2) gender discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment; (3) sexual harassment in violation of Title VII; and (4) retaliation pursuant to Title VII. Against Defendant Valmadge Towner, in his individual capacity, the plaintiff asserts state-law claims of malicious interference and assault and battery.[5]

That the district court did not understand Saddler as alleging federal equal protection claims against Towner is confirmed by its disposition of Saddler's and Towner's state-law claims: "However, because the court has dismissed the plaintiff's [] federal claims asserted in this action, the court declines to exercise supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3)."[6] Saddler's motion to dismiss is in substance an improper

---

[5] Saddler v. Quitman County Sch. Dist., No. 2:05CV21-P-A, 2007 WL 2287838, at *1 N.D. Miss. Aug. 3, 2007). The district court's construction of Saddler's complaint is consistent with Saddler's description of her claims in her opposition to QCSD's summary judgment motion. Saddler listed the federal claims she was pursuing against QCSD, and then stated that "Saddler is also suing the individual Defendant, Valmadge Towner, for state law claims of assault and battery and malicious interference with employment."

[6] Id. at *6 (emphasis added).

attempt to appeal the district court's construction of her amended complaint. The motion to dismiss is denied.

Nowhere in her briefs does Saddler mention that the district court's construction of her complaint was in error; rather, she only outlines part of the merits of equal protection claims against Towner. Nor is there any indication that Saddler raised the issue of the district court's construction of her complaint before that court. She has, therefore, abandoned any argument as to the district court's construction of her complaint.[7] It is obvious, then, that there is no merit to the contention that the district court erred by granting summary judgment on her federal equal protection claims against Towner: The district court did not grant summary judgment on such claims because there were no such claims before it.

2

Turning to the district court's application of the "personal staff" exception to Title VII, we face a threshold question. Saddler argues in her reply brief that QCSD failed to plead the exception, which is an affirmative defense,[8] in its answer, instead raising it for the first time in its summary judgment motion.

---

[7] See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999) ("'[T]he Court will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory.'" (quoting Forbush v. J.C. Penny Co., 98 F.3d 817, 822 (5th Cir. 1996))); N. Alamo Water Supply Co. v. City of San Juan, 90 F.3d 910, 916 (5th Cir. 1996) ("We will not consider an issue that a party fails to raise in the district court, absent extraordinary circumstances."); Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994) ("An appellant abandons all issues not raised and argued in its initial brief on appeal. . . . A party who inadequately briefs an issue is considered to have abandoned the claim."). Saddler confirmed in her reply brief that she was not appealing from the district court's granting of summary judgment on her equal protection claims against QCSD. Any arguments as to the district court's disposition of those claims are abandoned. See Cinel, 15 F.3d at 1345.

[8] See Oden v. Oktibbeha County, Miss., 246 F.3d 458, 467 (5th Cir. 2001) (holding that the "personal staff" exception is an affirmative defense that must be pled).

Thus, Saddler continues, QCSD has waived it.[9] Yet again, we see no indication that this issue was raised below; to the contrary, Saddler addressed the merits of the exception in her opposition to summary judgment. As a general rule, we will not consider an issue raised for the first time on appeal.[10] Moreover, Saddler failed to raise the issue in her opening brief, effectively denying Defendants the opportunity to address it.[11] Accordingly, we deem it abandoned.

Title VII limits the class of employees who can take advantage of its provisions. The definition of employee provides that

> [t]he term "employee" means an individual employed by an employer, except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency or political subdivision. . . .[12]

Thus, Title VII excludes from its coverage the "personal staff" of elected public-office holders. The parties do not contest here, nor did they below, that QCSD

---

[9] See id. ("Appellants waived the personal staff exception by failing to raise it in a responsive pleading.").

[10] See Keelan v. Majesco Software, Inc., 407 F.3d 332, 339 (5th Cir. 2005) ("'If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal.'" (quoting Keenan v. Tejeda, 290 F.3d 252, 262 (5th Cir. 2002))); N. Alamo Water Supply Co., 90 F.3d at 916 ("We will not consider an issue that a party fails to raise in the district court, absent extraordinary circumstances.").

[11] See Cinel, 15 F.3d at 1345 ("An appellant abandons all issues not raised and argued in its initial brief on appeal."). In Saddler's opening brief, she notes in a footnote that QCSD first raised the "personal staff" exception for the first time in its summary judgment motion, and in a parenthetical to a citation states that the exception is an affirmative defense that should be pled. However, nary an argument appears in the footnote or anywhere else in her opening brief that QCSD waived it.

[12] 42 U.S.C. § 2000e(f) (emphasis added).

is a political subdivision of Mississippi; that Towner, as Superintendent, was an elected official; or that Saddler was not subject to the civil service laws of Mississippi. We take these facts as true. Saddler argues instead that there are material issues of fact as to whether she was Towner's "personal staff."

Title VII does not define "personal staff." We have identified a nonexhaustive list of factors to determine whether a plaintiff qualifies as "personal staff":

> (1) whether the elected official has plenary powers of appointment and removal, (2) whether the person in the position at issue is personally accountable to only that elected official, (3) whether the person in the position at issue represents the elected official in the eyes of the public, (4) whether the elected official exercises a considerable amount of control over the position, (5) the level of the position within the organization's chain of command, and (6) the actual intimacy of the working relationship between the elected official and the person filling the position.[13]

We have cautioned that "consideration of these factors must be tempered by the legislative history of this provision which indicates that the exception is to be narrowly construed."[14] And, as this is a fact-intensive inquiry, it "does not lend itself well to disposition by summary judgment,"[15] though this is not a categorical prohibition.[16]

QCSD made a sufficient showing in its summary judgment motion, which was supported by documentary exhibits and deposition testimony, that the personal staff exception applied to Saddler. The burden shifted to Saddler to demonstrate that there were genuine issues of material fact. Federal Rule of

---

[13] Teneyuca v. Bexar County, 767 F.2d 148, 151 (5th Cir. 1985).

[14] Id.

[15] Id.

[16] See id.; see also, e.g., Rutland v. Pepper, 404 F.3d 921 (5th Cir. 2005) (per curiam).

Civil Procedure 56(e) provides that, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial."

Saddler failed to demonstrate that there were material issues of fact. Of the six Teneyuca factors, Saddler's opposition to summary judgment only addressed the first factor—Towner's power to appoint and remove. Saddler contended, and argues again in her appeal, that under Mississippi Code Annotated § 37-7-301(w), the school board had power to employ noninstructional and noncertified employees. However, Saddler's response was, and remains, insufficient for two reasons. First, she failed to account for the superintendent's power to employ and discharge under Mississippi Code Annotated § 37-9-14(2)(y), and that the school board's power under § 37-7-301(w) is limited to acting pursuant to the superintendent's recommendation. Second, and more to the point, QCSD presented evidence that Towner had the requisite power in fact: he created the job of executive secretary, recruited Saddler for it, did not interview anyone else, and hired her outside the normal hiring process. Thus, while Saddler questioned Towner's de jure power to hire, she raised no issue of material fact as to Towner's de facto power.

As to the other five factors, Saddler raised two arguments in her opposition to summary judgment; however, both are irrelevant. That Saddler shared an office with other employees does not speak to the issue. Nor does it matter that she was employed by the school district as opposed to being on Towner's personal payroll. When opposing summary judgment, a party's "burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla'

of evidence."[17] We cannot fault the district court for concluding that "[t]he other Teneyuca factors clearly point to Saddler having been a personal staff member of an elected official given it is undisputed that the plaintiff in her capacity as an executive secretary worked exclusively as an aid to Towner."[18]

Saddler does muster arguments in her opening brief addressing purported fact issues as to all of the Teneyuca factors. Although not raised by Defendants, our review of the record again reveals no indication that these arguments were presented to the district court. It is well established that, "[a]lthough on summary judgment the record is reviewed de novo, this court, for obvious reasons, will not consider evidence or arguments that were not presented to the district court for its consideration in ruling on the motion."[19]

Finally, Saddler has consistently argued that a person employed as an "executive secretary" and the like, those who are not "first line advisors," simply cannot qualify as "personal staff"; however, we have held otherwise. In Rutland v. Pepper, the plaintiff had served as "an administrative assistant," with the title of "Deputy Clerk," to the elected county clerk, "performing job duties such as preparing lists of unpaid taxes, completing personnel action forms, filing bankruptcy claims, communicating with the public, and performing general

---

[17] Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), Lujan v. Nat'l Wildlife Fed., 497 U.S. 871, 871-73 (1990), Hooper v. Frank, 16 F.3d 92 (5th Cir. 1994), and Davis v. Chevron U.S.A., Inc., 14 F.3d 1082 (5th Cir. 1994)).

[18] Saddler, 2007 WL 2287838, at *3.

[19] Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 (5th Cir. 1992). The arguments were not raised in Saddler's opposition to summary judgment, nor does the docket sheet reflect that any hearings were held after QCSD submitted its motion for summary judgment. Saddler did not file a motion for reconsideration. Even if we applied plain error review, see U.S. ex rel. Wallace v. Flintco Inc., 143 F.3d 955, 971 (5th Cir. 1998), the district court did not plainly err because it has no duty to scour the record in search of a fact issue on behalf of a party opposing summary judgment. Skotak, 953 F.2d at 915 n.7.

clerical work."[20] The defendant moved for summary judgment. We held that the plaintiff failed to raise any issues of material fact as to her status as "personal staff," and therefore the exception precluded recovery.[21] Nowhere did we suggest that the particular character of the plaintiff's job per se precluded application of the exception. Saddler's job as Towner's executive secretary mirrors closely the assistant's job in Rutland,[22] and she has not attempted to distinguish the instant case from it.

> We reiterate our concluding comment in Teneyuca:

> This is not to say that as a matter of law a plaintiff could never demonstrate that material facts exist such that summary judgment would be inappropriate in another similar case against this or another similar defendant. This Court holds only that in this case [the plaintiff] failed to demonstrate the presence of material factual issues so as to defeat the defendants' motion for summary judgment.[23]

Accordingly, we find no reversible error in the district court's ruling that Saddler, as Towner's executive secretary, fell within Title VII's personal staff exception.

## III

---

[20] 404 F.3d at 922. Rutland considered the "personal staff" exception under the Family and Medical Leave Act. As we explained there, "Although Teneyuca involves a claim brought under Title VII rather than the FMLA or the FLSA, because all three statutes contain the identical definitions of 'employee,' courts considering personal staff exemptions to the FLSA or the FMLA may be guided by cases interpreting an analogous exemption to Title VII." Id. at 924 n.2.

[21] Id. at 924.

[22] See also Nichols v. Hurley, 921 F.2d 1101, 1108 (10th Cir. 1990) ("Thus, a person can be a member of an elected official's personal staff and not be either a policymaker or an immediate adviser with respect to the constitutional and legal powers of the elected official."); Bland v. New York, 263 F. Supp. 2d 526 (E.D.N.Y. 2003) (an elected judge's secretary was personal staff).

[23] 767 F.2d at 153.

Saddler's motion to dismiss is DENIED, and the judgment of the district court is AFFIRMED.