# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 3, 2009

Charles R. Fulbruge III
Clerk

No. 09-40231

MANUEL REYES,

Plaintiff-Appellant

v.

WESLACO INDEPENDENT SCHOOL DISTRICT; RICHARD RIVERA;
RUBEN ALEJANDRO; DANIEL DE LOS SANTOS; DAVID FOX; JOE
MARINES; RAYMOND GIVILANCZ; RAMON MONTALVO; BUCKLEY
SANCHEZ,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
(06-CV-372)

Before STEWART, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Manuel Reyes ("Reyes") appeals the district court's grant of summary judgment on his First Amendment freedom of association claims against defendant Richard Rivera in his individual capacity.[1] First, Reyes claims the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Reyes makes no arguments as to any other individual defendant or the Weslaco Independent School District. Accordingly, any arguments regarding the remaining defendants

district court erred when it concluded Reyes failed to raise a genuine issue of material fact regarding whether he was retaliated against based on his association with his wife. Second, Reyes appeals the district court's conclusion that the First Amendment does not provide an associational right to engage in extramarital affairs. We AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Reyes worked as a bus driver for the Transportation Department of Weslaco Independent School District ("Weslaco ISD") on and off for a period of more than twenty years beginning in 1982. During his employment, Reyes engaged in a lengthy affair with a fellow bus driver. In September 2004, Reyes's wife, Norma Reyes, contacted Weslaco ISD Superintendent Richard Rivera ("Rivera") about the affair. She was extremely upset and demanded that Rivera terminate both Reyes and the employee with whom Reyes was having the affair. Rivera directed Buckley Sanchez ("Sanchez"), Weslaco ISD's Transportation Director, and Assistant Superintendent Ruben Alejandro ("Alejandro") to meet with both employees to discuss the importance of avoiding disruptions to the efficient operation of the Transportation Department. Additionally, Rivera met with Reyes separately to express his displeasure at the situation. Reyes voluntarily resigned his position a short time later on October 6, 2004.

After some negotiation, Reyes was hired back as a substitute bus driver on a probationary basis which was then converted to a regular basis after the probationary period ended at the start of the 2005-2006 school year. In August 2005, Reyes attended a mandatory "in service" meeting for members of Weslaco ISD's Transportation Department. At the meeting, Reyes raised an issue regarding the policies governing bus driver management of disruptive students

---

have been waived. *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 435 (5th Cir. 2008) (failure to advance arguments on appeal as to a given defendant constitutes a waiver as to that defendant).

on school buses. Sanchez, who led the meeting, informed Reyes that he would only discuss the matter privately with him. In order to protest "being refused an answer and direction from [Sanchez]," Reyes signed "George Washington" to an acknowledgment form handed out at the "in service" meeting. Reyes also alleges that he was later falsely accused of having signed "George Washington" to a second form.

As a result of this conduct, Sanchez recommended to Rivera and Alejandro that Reyes be terminated. Nothing in the record suggests Sanchez's recommendation was based upon Reyes's prior extramarital affair. Rivera accepted Sanchez's recommendation, and, shortly thereafter, Reyes received a letter from Sanchez notifying him of the termination of his employment. Reyes objected to his termination through Weslaco ISD's grievance process. During the grievance process, Reyes was represented by legal counsel, as was the district. After extensive hearings, Reyes's grievances were denied at each level of the process. Reyes has not advanced any evidence that the denial of his grievances was related to his prior extramarital affair.

On December 28, 2006, Reyes brought a 42 U.S.C. § 1983 suit against Weslaco ISD, Rivera, Sanchez, Alejandro, and ISD Board members Daniel De Los Santos, David Fox, Joe Marines, Raymond Givilanez, and Ramon Montalvo. Reyes's complaint went through various motions to dismiss, amendments, and additional motions to dismiss before the district court finally heard the motion for summary judgment underlying this appeal. By that time, Reyes's case had been reduced to the following claims: 1) Reyes's § 1983 First Amendment retaliation and Equal Protection claims against Weslaco ISD stemming from his final termination in 2005 and his denied grievances that followed; 2) Reyes's § 1983 First Amendment retaliation and Equal Protection claims against Rivera, Sanchez, and Alejandro in their individual capacities; and 3) Reyes's claims

arising under the Texas Constitution. The district court granted summary judgment on all of these remaining claims, and Reyes timely appealed.

## II. STANDARD OF REVIEW

We review a grant of summary judgment de novo, applying the same standard as the district court. *Bolton v. City of Dallas*, 472 F.3d 261, 263 (5th Cir. 2006). Our inquiry "is limited to the summary judgment record before the trial court." *Topalian v. Ehrman*, 954 F.2d 1125, 1132 n.10 (5th Cir. 1992). We must view the evidence in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), and the movant has the burden of showing this court that summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate where the competent summary judgment evidence demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bolton*, 472 F.3d at 263; *see* FED. R. CIV. P. 56(c).

## III. DISCUSSION

*A. First Amendment Retaliation Based on Reyes's Marriage*

Reyes first contends that the district court erred in granting summary judgment because a genuine issue of material fact existed as to whether Reyes was terminated in retaliation for exercising his right to associate with his wife. We agree with the district court's conclusion that "[t]he evidence does not support a claim that Defendants terminated [Reyes]'s employment or denied his grievance because of his relationship with his wife."[2]

---

[2] Appellees argue Reyes has waived any argument respecting his right to associate with his wife. We disagree. In order to preserve an error for appeal, "the argument must be raised to such a degree that the trial court may rule on it." *In re Fairchild Aircraft Corp.*, 6 F.3d 1119, 1128 (5th Cir. 1993). Here, though the district court construed his arguments otherwise, Reyes met this very low threshold. Reyes clearly asserted that his claims flowed from his right to "intimate association" with his wife and that "his associations with his wife ultimately led to Superintendent Rivera's recommendation that [Reyes] not be rehired." As

A retaliation claim predicated on freedom of association must satisfy three elements: 1) the plaintiff suffered an adverse employment action; 2) the plaintiff's interest in "associating" outweighed the employer's interest in efficiency; and 3) the plaintiff's protected activity was a substantial and motivating factor in the adverse employment action. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002). Reyes fails to point to a single piece of evidence suggesting he was terminated for associating with his wife. On the contrary, the record demonstrates that Rivera thought highly of Reyes's wife and, if anything, would have sought to punish Reyes exclusively for engaging in the affair. As such, we find that Reyes has failed to raise a genuine issue of material fact as to whether his association with his wife was a substantial and motivating factor in his termination.

## B. First Amendment Retaliation Based on Reyes's Extramarital Affair

Reyes also argues that Rivera's conduct violated his purported First Amendment right to engage in an extramarital affair with his fellow employee. We need not address the merits of this claim as Reyes all but expressly admits defeat notwithstanding his decision to appeal. The district court held that all of the individual defendants, including Rivera, were entitled to qualified immunity reasoning that no binding precedent existed finding that the First Amendment

such, Reyes at least put the issue before the district court, even if the court later construed it as referring only to the right engage in an extramarital affair. Appellees' citation to *Saddler v. Quitman County School District*, 278 F. App'x 412 (5th Cir. 2008) (unpublished), on this point is unavailing. In *Saddler*, the district court construed the plaintiff's complaint as alleging federal, but not state, equal protection claims. *Id.* at 415. The court concluded that the plaintiff waived any appellate argument as to her state equal protection claims because she failed to challenge the district court's construction either in the district court or in her appellate briefing. *Id.* at 416. The instant case is distinguishable from *Saddler* in two ways. First, Reyes's summary judgment briefing at least asserted that his claims were grounded in his right to associate with his wife whereas the *Saddler* plaintiff made no such argument to the district court. *Id.* at 415 n.5. Second, the district court in this case was only construing a single legal argument rather than the allegations in the underlying complaint. Though the argument may not have been artfully presented, it was nonetheless advanced in the briefing below. Accordingly, Reyes is entitled to argue it on appeal.

affords protected status to extramarital affairs with co-workers such that such a right, if any, was not "clearly established law." *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (holding that qualified immunity shields a government official from liability for discretionary acts "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."). Reyes has completely failed to address the district court's grounds for decision. He makes no argument with respect to qualified immunity. Additionally, he openly concedes that his claim is not supported by clearly established law and asks us to extend a First Amendment right in this case to provide him the relief he seeks. Accordingly, we find no basis to reverse the district court's conclusion that Rivera is entitled to qualified immunity.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.